1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

10

11   UNITED STATES,

12                    Plaintiff,                 No. 2:10-cr-00266-KJM

13          vs.

14   JOHN RAYMOND PORTER,

15                    Defendant.              <u>ORDER</u>

16   _____/

17

18          On August 26, 2011, the court entered an amended judgment as to defendant

19   John Raymond Porter based on his guilty plea to four counts of bank robbery under 18 U.S.C.

20   § 2113(a).  (ECF 40.)  The court sentenced defendant to 100 months imprisonment for each

21   count, to be served concurrently, for a total term of 100 months.  (*Id.*)  The court also imposed

22   a 36 month term of supervised release to begin once Porter is released from imprisonment.

23   (*Id.*)  Porter, proceeding pro se, now requests a reduction in his sentence in light of

24   rehabilitative programs he has completed in prison.  (ECF 42, 43, 44.)  He has submitted a

25   letter from a former correctional officer who worked with him during prison, explaining

26   defendant's expressions of remorse and work helping other inmates deal with drug problems

27   and anger management.  (ECF 42.)  While the government has not responded to Porter's

28   request, the court finds it is able to resolve the question it presents without further briefing.

*Cf. United States v. Allen*, 920 F. Supp. 2d 141, 141 (D.D.C. 2013) (resolving unopposed motion to reduce sentence).

Under 18 U.S.C. § 3582(c), the court has limited authority to modify an imposed term of imprisonment. The court may modify the sentence upon motion of the Director of the Bureau of Prisons; under Federal Rule of Criminal Procedure 35, for providing substantial assistance in investigating or prosecuting another person; or when the defendant was sentenced under a sentencing range that has since been lowered by the Sentencing Commission. None of these circumstances is present here.

Additionally, it is appropriate for district courts to consider a defendant's rehabilitation on resentencing. *Pepper v. United States*, __ U.S. __, 131 S. Ct. 1229, 1241 (2011) (affirming district court's consideration of defendant's new family and employment in reducing original sentence on remand from Court of Appeals); *United States v. Green*, 152 F.3d 1202, 1207-08 (9th Cir. 1998) (affirming district court's consideration of defendant's post-sentencing community service in reducing original sentence on remand). However, unlike in *Pepper* and *Green*, the Court of Appeals has not remanded defendant's case to this court after an appeal of defendant's sentencing; defendant is simply asking the court to reconsider its original sentence. As a result, this court is without the power to grant resentencing based on defendant's rehabilitative efforts. Porter's motion is denied.

IT IS SO ORDERED.

DATED: August 29, 2013.

_____
UNITED STATES DISTRICT JUDGE